UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

THOMAS EARL MONTFORD,

                        Plaintiff,

     -against-                                     9:19-CV-1607 (LEK/CFH)

JAMES WALSH, Superintendent,

                        Defendant.

_____

## **DECISION AND ORDER**

Petitioner Thomas Montford seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. Nos. 1 ("Petition"); 1-1 ("Exhibits"). On January 22, 2020, the Court directed Petitioner to amend his Petition or have the action dismissed without further order of the Court. Dkt. No. 3 ("January Order"). The January Order was sent to the Schenectady County Jail, the location from which the Petition was mailed. <u>See</u> Dkt. No. 1-2. On February 12, 2020, the January Order was returned as undeliverable: the envelope was marked "Return to Sender – Attempted – Not Known – Unable to Forward" and noted "RTS – Not here." Dkt. No. 4. Through the Court's independent research, it discovered Petitioner had been transferred to Downstate Correctional Facility ("Downstate") and he was released on February 13, 2020. *Inmate Lookup*, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120. The January Order and a Notice of Change of Address Form was forwarded to Downstate. Dkt. No. 5. On February 27, 2020, the mail was again returned as undeliverable: the envelope was marked "Return to Sender, No Longer Here - RTS Parole." <u>Id.</u> Petitioner has not advised the Court of any change of his address, and the Court has failed to uncover any further information regarding Petitioner's present address while released on parole.

For the reasons that follow, Petitioner has failed to comply with both Local and Federal Rules, and this failure warrants dismissal of his Petition without prejudice.

First, Rule 10.1(c)(2) of the Court's Local Rules of Practice states, in relevant part, that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). As previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany Cty. Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting Perkins v. King, No. 84-CV-3310, 1985 U.S. App. LEXIS 31736, at *3–4 (5th Cir. May 19, 1985)). "As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions." Hill v. Donelli, No. 05-CV-1245, 2008 WL 4663364, at *2 (N.D.N.Y. Oct. 20, 2008) (collecting cases); see also Jackson v. Rabideau, No. 04-CV-1096, 2007 WL 911846, at *1 (N.D.N.Y. Mar. 22, 2007) ("United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case.").

Second, courts in this District have relied upon Rule 41(b) of the Federal Rules of Civil

Procedure to dismiss an action sua sponte "based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court." See Rosa v. Napoli, No. 09-CV-687, 2011 WL 6103473, at *1–2 (N.D.N.Y. Dec. 7, 2011) (collecting cases). As the Second Circuit has held:

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)) (internal quotation marks and citations omitted).

Evaluation of these criteria supports dismissal. Petitioner has failed to keep the Court apprised of his whereabouts for over six months. Other courts have found that delays of at least six months warrant dismissal. See Balkum v. Gonzalez, No. 09-CV-289, 2014 WL 2510615, at *5 (N.D.N.Y. June 4, 2014) (collecting cases); cf. Toliver v. Dep't of Corr., No. 10-CV-5806, 2012 WL 310940, at *2 (S.D.N.Y. Feb. 1, 2012) (concluding that a two-month delay in filing an amended complaint was "relatively short-lived"); Crenshaw v. McNamara, No. 15-CV-6229, 2016 WL 2347485, at *4 (W.D.N.Y. May 4, 2016) (noting that a two-and-a-half month period is "not extraordinarily excessive," and collecting cases). Therefore, the first factor weighs in favor of dismissal.

With respect to the second factor, Petitioner has not been apprised of the consequences of failing to amend his petition, as he did not receive the January Order. However, this is

largely Petitioner's fault, as it is impossible to notify him of these consequences without knowledge of his current address. See Ramadan v. Niagara Cty., No. 12-CV-6425, 2014 WL 2865093, at *4 (W.D.N.Y. June 24, 2014) ("The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to further prosecute . . . However, any further attempt to notify Plaintiff would be futile as the Court has no means by which to contact Plaintiff.") (citations omitted). Accordingly, the second factor weighs in favor of dismissal.

The third, fourth, and fifth factors support dismissal as well. "With respect to prejudice, petitioner's failure to update his address is effectively foreclosing Respondent's efforts to defend this lawsuit." See Ramadan, 2014 WL 2865093, at *4. Moreover, "[t]he inability of the Court and Respondent's counsel to communicate with Petitioner means that 'the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless.'" Id. (quoting Reynoso v. Selsky, No. 02-CV-6318, 2011 WL 3322414, at *4 (W.D.N.Y. Aug. 2, 2011). Accordingly, having given due consideration to Petitioner's right to due process and a fair chance to be heard, the Court finds that the interests of alleviating court congestion and the inefficiency and ineffectiveness of lesser sanctions compel dismissal.

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Court's Local Rules.

**IT IS SO ORDERED.**

DATED: July 27, 2020
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge